IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-220-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LESEAN LEVILL DINGLE, ) | |
| ) | |
| Defendant. ) | |

On September 17, 2012, pursuant to a plea agreement [D.E. 76], Lesean Levill Dingle ("Dingle") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 28 grams of cocaine base (crack) in violation of 21 U.S.C. § 846. See [D.E. 75]; see also [D.E. 49] 1–2. The conspiracy took place from on or about September 2011 until on or about July 24, 2012. See [D.E. 49] 1.

On January 11, 2013, the court held Dingle's sentencing hearing. See [D.E. 93]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 85]. See Fed. R. Crim. P. 32(i)(3)(A). The court calculated Dingle's total offense level to be 26, his criminal history category to be III, and his advisory guideline range to be 78 to 97 months. See PSR ¶ 81. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Dingle to 84 months' imprisonment. See [D.E. 97].

On January 28, 2015, Dingle moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 150]. Dingle's new advisory guideline range is 63 to 78 months' imprisonment based on a total offense level of 24 and a criminal history category of III. On August 17, 2015, Dingle filed a memorandum in support

of his motion for reduction of sentence and requested a 67-month sentence. See [D.E. 160]. On August 31, 2015, the government responded to Dingle's motion. See [D.E. 163].

The court has discretion to reduce Dingle's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Dingle's sentence, the court finds that Dingle engaged in a serious and prolonged conspiracy to distribute and possess with intent to distribute cocaine base (crack). See PSR ¶¶ 1–26. Furthermore, Dingle has a lengthy and disturbing criminal history, including a history of violence directed at females. See id. ¶¶ 28–50. Moreover, when not incarcerated, Dingle has a poor work history and a history of substance abuse. See id. ¶¶ 61, 63–66. Nonetheless, the court recognizes that, while incarcerated on his federal sentence, Dingle has taken some positive steps. See [D.E. 160] 5–8; [D.E. 173]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, App. Note 1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Dingle received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Dingle's sentence would threaten public safety in light of his serious criminal conduct, history of violence, and criminal history. Cf. U.S.S.G. § 1B1.10, App. Note 1(B)(ii). Dingle's serious criminal conduct, history of violence, criminal history, poor work history, and substance abuse history substantially outweigh his positive conduct in federal prison and the policy statements permitting a sentence reduction. Thus, the court denies Dingle's motion for

reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Dingle's motion for reduction of sentence [D.E. 150] is DENIED. Dingle' motion to expedite [D.E. 173] is DISMISSED as moot.

SO ORDERED. This **24** day of March 2016.

JAMES C. DEVER III
Chief United States District Judge